UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:  )
        )  No. 10-04088-PCW13
VICTOR QUINCY and ROXANNE  )
MARIE WYATT,  )  MEMORANDUM DECISION RE:
        )  CHAPTER 13 TRUSTEE'S OBJECTION
        Debtors.  )  TO CONFIRMATION OF PLAN
_____)

THIS MATTER came before the court on January 11, 2011 on the Chapter 13 Trustee's Objection to Confirmation of the Plan. The court reviewed the files and records herein, heard argument of counsel, and was fully advised in the premises. The court now renders its decision.

The issue in this case is whether to grant the debtors' request under Local Bankruptcy Rule 2083-1(f) to excuse these debtors from the rule's requirement that in the event a home mortgage is in default, chapter 13 debtors are to not only cure the mortgage arrearage in the plan, but pay the continuing regular mortgage payments through the plan. The local rule states that debtors may ask the court to exercise its discretion and excuse a debtor in a specific case from making continuing mortgage payments through the plan.

There are several reported decisions from bankruptcy courts analyzing the basis upon which such discretion should be exercised. None of those decisions are controlling upon this court, but do provide useful analysis and commentary. The factors considered in exercising its discretion in a chapter 12 case were set forth in list form by the Western District of Michigan in Matter of Pianowski, 92 B.R. 225 (Bankr. W.D. Mich. 1988). Those factors were quoted at length in In re Genereux, 137 B.R. 411 (Bankr. W.D. Wash. 1992). The latter case involved direct payments on delinquent personal property loans, but the analysis is instructive. The court held that a debtor's desire to avoid the assessment of chapter 13 trustee fees calculated on the basis of such regular continuing payments was not sufficient to grant an exception to the requirement that such payments be made through the plan. In addition to

MEMORANDUM DECISION RE: . . . - 1

the factors referenced in the Pianowski decision, the bankruptcy court for the Western District of Washington also considered the burden on the trustee. The monitoring of the debtor's compliance with plan payments is the same whether or not the continuing payments are included in the plan payments. The monitoring by the trustee of a debtor's compliance with continuing payment obligations not made through the plan requires significantly greater effort by the trustee and for that reason often does not occur.

Another reported decision with an extensive analysis of the relevant factors is In re Perez, 339 B.R. 385 (Bankr. S.D. Tex. 2006). Considering a rule similar to that enacted in this district, the Texas court concluded:

> Moreover, case law is clear that in applying these factors to determine whether a debtor may act as his own disbursing agent, it is improper for the Court to permit debtors to make home mortgage payments directly for the sole purpose of avoiding the trustee's percentage fee.

In re Perez, supra, at p. 410 (citations omitted).

However the factors in the decisions are enumerated, the essential determination to be made is whether the debtor has demonstrated historically unique circumstances which created the pre-petition default and that under current and projected circumstances the debtor is very likely to make the required post-petition continuing payments outside the plan.

> Here, the fact that Debtor's pre-petition default was occasioned by health problems and/or other circumstances beyond his control is of no relevance: most Chapter 13 debtors default on their prepetition mortgage obligations due to financial distress engendered by factors beyond their control. Debtor's protestations to the contrary, the facts presented here present no compelling basis for departure from the rule's conduit requirements in this case.

In re Teagardner, 98 B.R. 318, 321 (Bankr. S.D. Ohio 1989). An examination of these debtors' circumstances must be made to determine whether the presumption has been overcome.

This is the second chapter 13 case by these debtors in which their home mortgage was in arrears. On February 3, 2003, the debtors commenced a chapter 13 with a plan that required payments of $3,244.44 per month for 60 months. At that time, their net income was $4,729.44 per month and they had two liens on their home. The Wells Fargo lien had a principal balance of $133,998.70, required payments of $1,110.94, was in arrears $7,707.43, and had been in foreclosure. The other mortgage was

held by Homecomings Financial in the principal amount of $34,350.60. It required payments of $517.00 each month and the arrearage was $1,268.25. A month after the bankruptcy filing, the Wells Fargo monthly payment increased to $1,144.93 and the trustee filed a modification to the plan to increase the plan payments to $3,350.00. There was no wage directive entered and in month seven of the plan for the first time the debtors defaulted in plan payments. Although the debtors made plan payments each month, they were usually some hundreds of dollars less than required. On December 21, 2005, the trustee filed a motion to dismiss for failure to make plan payments, at which time the debtors were past due in plan payments in the amount of $9,497.96. The debtors objected to dismissal on the basis they could cure the delinquency and on January 19, 2006, an order was entered requiring it to be cured by February 21, 2006. That did not occur and the debtors filed a voluntary motion to dismiss with the case dismissed March 8, 2006.

The Declaration of Victor Wyatt (Docket No. 93) filed in this case explains that the prior case was dismissed as the plan payments continued to increase to an amount the debtors could not afford to pay. Although requested to do so, the debtors state that their lawyer would not attempt to reduce the plan payments. It appears that the increase in plan payments was required at least in part by the increased mortgage payments on the adjustable rate mortgage ("ARM").

This chapter 13 was filed July 14, 2010. The debtors' current net income is $6,469.00. In February 2007, the debtors, apparently through a refinance, entered into a new ARM loan with Chase Home Finance, LLC ("Chase"), in the principal amount of $267,924.73. The monthly payment in 2009 was $1,833.54. Both the principal balance and the monthly payment obligation were greater than the mortgages in effect during the prior chapter 13. As of November 1, 2009, the monthly payment decreased to $1,749.15. The total arrearage is $22,615.38 and the creditor alleges there were 11 monthly payments missed. Foreclosure had been commenced. The debtors have objected to the arrearage claim stating that they made payments from September 2009 through March 2010. The creditor has now provided a payment history which shows in fact such payments were made but were applied to defaults occurring many months earlier, including six months of payments not made from February through June 2009. The amount of the arrearage has yet to be determined, but unquestionably it is significant.

The original plan required 60 months of payments at $2,373.59 and the Second Amended Plan

MEMORANDUM DECISION RE: . . . - 3

increased the monthly plan payment to $2,744.00. The issue under discussion was created by an amended modification filed October 25, 2010, which removed the continuing monthly mortgage payment and decreased the monthly plan payments to $842.00. The arrearage was to be cured in that 100 percent (100%) plan.

The declaration states that the debtors had applied for a loan modification through Chase, which had been approved on a trial basis with their payments being reduced. The trustee and the debtors allege different reasons for the failure of the loan modification, but those reasons are irrelevant. The relevant fact is that the loan modification failed. That is not a unique circumstance. Many chapter 13 debtors have attempted, but failed to have their home loans modified. Illness, loss of job or the failure of a loan modification is not, absent additional unique circumstances, a compelling reason to except a debtor from the requirement to make continuing mortgage payments through the plan.

The declaration states that the debtors cannot afford to pay "several hundred dollars a month more for the Chapter 13 office to do something I am capable [sic] does not help me." The percentage assessed currently for trustee fees is ten percent (10%), which on a monthly mortgage obligation of $1,749.15 is $174.92 each month for a total over 60 months of $10,495.20. Although cumulatively a substantial sum, it is not "several hundred dollars a month."

The Proof of Claim filed in the 2003 chapter 13 case reveals that the defaults in the home mortgages had caused an additional $4,049.36 of fees and charges to be incurred on the mortgage loans. The Proof of Claim filed in this case reveals that the default had caused an additional $2,727.95 in fees and charges. The trustee's calculations demonstrate that increasing the plan payment to $2,621.08 beginning in February 2011 will result in a 100 percent (100%) plan and pay both the continuing mortgage claim and arrearage through the plan.

The debtors were in default on their home mortgage prior to commencement of their first bankruptcy in 2003, were in default in plan payments during the first chapter 13 case, and have been in default on the existing loan since March 2009. The payment of regular monthly mortgage payments is not something that the debtors are likely to do unless required to do so in the plan. There are no circumstances which would lead to an exception to the local rule. The desire of the debtors to avoid payment of trustee fees is a desire shared by every chapter 13 debtor and not a valid reason to except

MEMORANDUM DECISION RE: . . . - 4

these or other debtors from the requirement contained in the local rule.

Under these circumstances, a plan which did not require continuing mortgage payments to be made through the plan would not be feasible.  Therefore, debtors are not entitled to an exemption from making continuing mortgage payments through the plan.

The debtors' Amended Modification filed on October 25, 2010 is not confirmable.  If debtors wish to continue in a chapter 13, they must propose a plan which includes the continuing mortgage payments.

*/s/ Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

01/27/2011 14:01:55

MEMORANDUM DECISION RE: . . .  - 5